IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

THOMAS CHRISTOPHER
WILLINGHAM,

   PLAINTIFF,

V.                                                                                     CIVIL ACTION NO.:

BATH AND BODY WORKS,                                          JURY TRIAL DEMANDED
LLC,

   DEFENDANT.

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 1367, 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII) and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against race and/or gender discrimination. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Alabama Code § 25-5-11.1 providing for injunctive and other relief against retaliation for seeking workers' compensation benefits.

2.      Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II.  PARTIES

3.      Plaintiff, Thomas Christopher Willingham, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Mobile, Baldwin County, Alabama. Plaintiff was formerly employed by Defendant.

4.      Defendant, Bath and Body Works, LLC (hereinafter "Defendant") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

## III.  STATEMENT OF THE FACTS

5.      Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6.      Plaintiff is a person of European ancestry.

7.      Defendant hired Plaintiff on or about October 14, 2015.

8.      Defendant terminated Plaintiff on June 24, 2016.

9.      At the time of Plaintiff's termination, Defendant employed Plaintiff as an Assistant Store Manager/Co-Manager.

10. During his employment, Plaintiff reported misconduct committed by the Store Manager Ashley Root, to the District Manager, Barbara Culic.

11. Culic terminated Root on March 16, 2016.

12. Defendant replaced Root with a person named Carin Walker.

13. Tiffany Williams (black female) told Plaintiff that when she came to Plaintiff's store location as supervisor on April 3, 2016, that Walker told her that the plan was for Williams to be promoted to store manager after Walker took on a new store location opening in another city.

14. Walker told Williams that she would fire Plaintiff and that she would do so by issuing a write up to "get the ball rolling" on the termination process.

15. Walker also told Williams that she thought his work-related injury was a "fake."

16. Plaintiff received two unjustified write-ups from Walker.

17. Walker issued the first disciplinary write-up to Plaintiff on April 12, 2016.

18. The first write-up issued by Walker alleged Plaintiff had not been "pulling" marketing signage.

19. Plaintiff and Tiffany Williams (black female) were assigned the job of "pulling" marketing signage.

20. Plaintiff received a write-up for performance deficiencies while Williams did not.

21. Walker never explained to Plaintiff how he was deficient in marketing signage when she issued the write-up.

22. The day following the issuing of the write-up, Plaintiff filed a complaint with Defendant's ethics department the next day regarding the write-up Walker gave him.

23. On April 16, 2016, Walker called Plaintiff to the office to issue him a write up for "store standards" for which Plaintiff had repeatedly requested training.

24. At that time, Plaintiff told Walker that he had filed a complaint against her.

25. Plaintiff spoke with Defendant's HR representatives and Culic about Walker's conduct and complaining of unfair treatment.

26. Walker went on medical leave on June 18, 2016.

27. Plaintiff hired an attorney to pursue a worker's compensation claim that Defendant continued to ignore despite his repeated requests and concerns regarding his health.

28. Plaintiff's workers compensation attorney wrote a letter to Defendant's HR Department of Defendant on June 21, 2016.

29. Defendant terminated Plaintiff on June 24, 2016.

30. A store manager from Defendant's Pensacola store informed Plaintiff about the termination and stated the reason for termination was for "going over set hours on June 5, 2016."

31. Plaintiff pointed out the store manager, as he had previously pointed out in an email, that hours were being charged for setup that should have been charged to travel.

32. Plaintiff did not exceed the allowable hours.

33. Defendant failed to follow its own policies and procedures of progressive discipline when it terminated Plaintiff for false, fabricated and retaliatory reasons in violation of its own internal policies.

34. Upon information and belief, during Walker's short tenure, she terminated every male in the store, including Taquan Taylor, Jonathan Kirkland and Plaintiff and replaced each male with a female.

35. Defendant singled-out Plaintiff by treating him differently with regard to discipline in comparison to Williams (black).

IV. **COUNT ONE – TITLE VII – RACE DISCRIMINATION – TERMINATION.**

36. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 35 above.

37. Plaintiff is a person of European ancestry.

38. Defendant hired Plaintiff on or about October 14, 2015.

39. During Plaintiff's employment, Defendant promoted Plaintiff to the position of Assistant Store Manager/Co-Manager.

40. Defendant terminated Plaintiff on June 24, 2016.

41. At the time of Plaintiff's termination, Defendant employed Plaintiff as an Assistant Store Manager/Co-Manager.

42. A store manager from Defendant's Pensacola store informed Plaintiff about the termination and stated the reason for termination was for "going over set hours on June 5, 2016."

43. Plaintiff pointed out to her then, as he had previously pointed out in an email, that hours were being charged for setup that should have been charged to travel.

44. Plaintiff did not exceed the allowable hours.

45. Other employees, who were not of European ancestry violated the same policy and were not terminated.

46. Defendant's actions in terminating Plaintiff was a violation of Title VII.

47. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and emotional distress.

V. **COUNT TWO – 42 U.S.C. § 1981 –RACE DISCRIMINATION – TERMINATION.**

48. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 47 above.

49. Plaintiff is a person of European ancestry.

50. Defendant hired Plaintiff on or about October 14, 2015.

51. During Plaintiff's employment, Defendant promoted Plaintiff to the position of Assistant Store Manager/Co-Manager.

52. Defendant terminated Plaintiff on June 24, 2016.

53. At the time of Plaintiff's termination, Defendant employed Plaintiff as an Assistant Store Manager/Co-Manager.

54. A store manager from Defendant's Pensacola store informed Plaintiff about the termination and stated the reason for termination was for "going over set hours on June 5, 2016."

55. Plaintiff pointed out the store manager, as he had previously pointed out in an email, that hours were being charged for setup that should have been charged to travel.

56. Plaintiff did not exceed the allowable hours.

57. Other employees, who were not of European ancestry violated the same policy and were not terminated.

58. Defendant's actions in failing to promote Plaintiff was a violation of 42 U.S.C. § 1981.

59. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering mental anguish.

## VI. COUNT THREE - TITLE VII – SEX DISCRIMINATION - TERMINATION

60. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 59 above.

61. Plaintiff is a male.

62. Defendant hired Plaintiff on or about October 14, 2015.

63. During Plaintiff's employment, Defendant promoted Plaintiff to the position of Assistant Store Manager/Co-Manager.

64. Defendant terminated Plaintiff on June 24, 2016.

65. At the time of Plaintiff's termination, Defendant employed Plaintiff as an Assistant Store Manager/Co-Manager.

66. A store manager from Defendant's Pensacola store informed Plaintiff about the termination and stated the reason for termination was for "going over set hours on June 5, 2016."

67. Plaintiff pointed out to the store manager, as he had previously pointed out in an email, that hours were being charged for setup that should have been charged to travel.

68. Plaintiff did not exceed the allowable hours.

69. Female employees violated the same policy and were not terminated.

70. Defendant's actions in terminating Plaintiff was a violation of Title VII.

71. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and emotional distress.

## VII. COUNT FOUR - WORKERS COMPENSATION RETALITORY DISCHARGE (ALABAMA CODE § 25-5-11.1)

72. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 71 above.

73. Defendant and Plaintiff were engaged in an employer/employee relationship.

74. In the course of his job duties performed for the benefit of the Defendant, Plaintiff injured his shoulder.

75. On or about February 27, 2016, Defendant's Manager, Barbara Culic, had knowledge of Plaintiff's on-the-job injury and request for worker's compensation benefits.

76. On or before April 18, 2016, Defendant's Manager, Carin Walker, had knowledge of Plaintiff's on-the-job injury and light duty/lifting restrictions.

77. Plaintiff hired an attorney to pursue a worker's compensation claim that Defendant continued to ignore despite Plaintiff's repeated requests and concerns regarding his health.

78. Plaintiff's worker's compensation attorney wrote a letter to Defendant's HR Department on June 21, 2016.

79. Defendant terminated Plaintiff on June 24, 2016.

80. At the time of Plaintiff's termination, Defendant employed Plaintiff as an Assistant Store Manager/Co-Manager.

81. A store manager from Defendant's Pensacola store informed Plaintiff about the termination and stated the reason for termination was for "going over set hours on June 5, 2016."

82. Plaintiff pointed out to the store manager, as he had previously pointed out in an email, that hours were being charged for setup that should have been charged to travel.

83. Plaintiff did not exceed the allowable hours.

84. Other employees, who did not file claims for workers compensation benefits and were not terminated.

85. Defendant's actions in terminating Plaintiff violated Alabama Code § 25-5-11.1 because Defendant terminated Plaintiff for seeking worker's compensation benefits.

86. As a result of Defendant's violation of Alabama Code § 25-5-11.1, Plaintiff has been damaged, suffering loss of pay, benefits, and emotional distress.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.  Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII, 42 U.S.C. § 1981, and pendent state claims.

B.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII, 42 U.S.C. § 1981, and Alabama Code § 25-5-11.1.

C.  Enter an Order requiring Defendant to make Plaintiff whole by awarding him front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:
FONTENEAU & ARNOLD, LLC

2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
T: 205.252.1550 F: 205.502.4476

**PLEASE SERVE DEFENDANT(S) AT:**

Bath and Body Works, LLC
3251 Bel Air Mall
Mobile, AL 36606

        **PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

                                                    /s/
                                           OF COUNSEL